FILED: July 18, 2018

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 17-6355
(5:11-hc-02209-D)
_____

UNITED STATES OF AMERICA

Petitioner - Appellee

v.

WILLIAM CARL WELSH

Respondent - Appellant

_____

O R D E R
_____

The court denies the petition for rehearing and rehearing en banc. No judge requested a poll under Fed. R. App. P. 35 on the petition for rehearing en banc. Judge Thacker filed a statement on petition for rehearing en banc.

Entered at the direction of the panel: Judge Duncan, Judge Diaz, and Judge Thacker.

For the Court

/s/ Patricia S. Connor, Clerk

Statement of Judge Thacker on Petition for Rehearing En Banc:

This case presents a unique set of circumstances where an individual remains in federal custody, pursuant to a civil commitment order under the Adam Walsh Act -- **despite having his underlying conviction vacated**. As a result, he has been in custody for *seven years* without a valid conviction to justify his continued detention. For this reason, with all due respect for the differing view of my colleagues in the majority, I am compelled to expound upon my dismay with respect to the result in this case.

William Welsh ("Appellant") was convicted in 2010 for an alleged violation of the Sex Offender Registration and Notification Act ("SORNA"). As a result, he was sentenced to a term of imprisonment of 673 days (one year and ten months). Just prior to his scheduled release, the Bureau of Prisons certified Appellant as a sexually dangerous person pursuant to the Adam Walsh Act, and the district court entered a civil commitment order in 2012. Appellant has remained in custody ever since.

But, in 2015, the Supreme Court held that the underlying conduct of Appellant's 2010 conviction does not constitute a SORNA violation. *See Nichols v. United States*, 136 S. Ct. 1113 (2016) (concluding that SORNA does not require individuals to update their registration upon leaving the country). Thus, Appellant had his conviction vacated. Nonetheless, the civil commitment order remained in force.

Federal Rule of Civil Procedure 60(b) permits a district court, in its discretion, to grant relief from a judgment that "is based on an earlier judgment that has been reversed or vacated" or if "applying it prospectively is no longer equitable." Appellant sought relief

2

pursuant to those provisions. But, on the basis that Appellant remained sexually dangerous, the district court denied Appellant's motion in its entirety. In light of his vacated underlying conviction, I believe Appellant's sexually dangerous proclivities are insufficient to justify his continued detention. How can a person legitimately be detained absent a valid conviction?

Congress does not have "general 'police power'" to freely detain citizens on the basis of their proclivities. *United States v. Comstock*, 560 U.S. 126, 148 (2010) (quoting *United States v. Morrison*, 529 U.S. 598, 618 (2000)). Instead, civil commitment is only justified as a "reasonably adapted and narrowly tailored means of pursuing the Government's legitimate interest as a federal custodian in the responsible administration of its prison system." *Id*. The Government's interest in the administration of its prisons is strained in cases like this where the committed individual, detained indefinitely, has no valid underlying conviction. Upholding Appellant's continued civil commitment in this case, despite the fact that his underlying conduct was not criminal, divorces civil commitment from the constitutional principles upon which it is justified.

Finally, if Appellant is released, the Government's interest in public safety would not be left unaddressed. Appellant would still be subject to SORNA reporting requirements for his lifetime. *See* 34 U.S.C. §§ 20911(4), 20915.

Because I am not willing to sacrifice individual liberty absent a valid conviction, I am disturbed by the result in this case.

3